IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BLANCA MEZA, by and through her
Guardian, Aide Hernandez, DESTINY
BELANGER, by and through her
Guardian, Julie Belanger, on behalf of          Case No.: 3:22-cv-783-MMH-LLL
themselves and all others similarly
situated, and DISABILITY RIGHTS
FLORIDA, INC.,

     Plaintiffs,

v.

JASON WEIDA, in his official capacity
as Secretary for the FLORIDA AGENCY
FOR HEALTH CARE ADMINISTRATION,

     Defendant.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STAY LITIGATION

Pursuant to Federal Rule of Civil Procedure 23(e) Plaintiffs, BLANCA MEZA, by and through her Guardian, Aide Hernandez, DESTINY BELANGER, by and through her Guardian, Julie Belanger, on behalf of themselves and all others similarly situated, and DISABILITY RIGHTS FLORIDA, INC. ("Plaintiffs"), and Defendant, JASON WEIDA, in his official capacity as Secretary for the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION ( "AHCA") (the "Parties"), jointly move to approve the settlement agreement attached hereto as Exhibit "A"

(the "Agreement"), which includes a request that the Court decline to require class notice of settlement and stay the litigation until February 1, 2024, to allow AHCA sufficient time to engage in rulemaking procedures related to the Agreement. Upon conclusion of rulemaking and satisfaction of the settlement agreement terms, the Parties' agree to file a Joint Notice of Voluntary Dismissal with Prejudice. In support thereof, the Parties' state:

## Background and Agreement

1.      On July 17, 2022, Plaintiffs filed a putative class action against AHCA alleging violations of 42 U.S.C. §§1396a(a)(10)(A), 1396a(a)(10)(D); 1396d(a)(4), Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, Plaintiffs alleged that AHCA's coverage policies regarding incontinence supplies for Medicaid State Plan recipients age 21 years and older violated federal law.

2.      The Court granted Plaintiffs' motion for class certification on March 27, 2023, and certified the following class: "[a]ll Florida Medicaid recipients whose prescription for incontinence supplies has been or will be denied Medicaid coverage based on Defendant's exclusion of those supplies for recipients aged 21 and older." (Doc No. 38, p. 36).

3.      The Parties set mediation for June 2, 2023, but began informal discussions through the mediator before that date. Following the June 2, 2023,

mediation, the Parties continued settlement discussions through the mediator resulting in the attached Agreement.

4.    The central thrust of the Agreement is that AHCA agrees to engage in rulemaking with the intention of amending its policies and any other administrative rules necessary such that coverage will be extended to medically-necessary incontinence supplies for Medicaid State Plan recipients age 21 years and older ("Coverage of Incontinence Supplies"). Because of the requirements of Chapter 120, Florida Statutes, AHCA cannot agree to a predetermined outcome of the rulemaking, but, again, AHCA agrees to proceed in good faith with the intention of providing Coverage of Incontinence Supplies.

5.    To permit the rulemaking process to run its course, the Parties agree to a stay until February 1, 2024, which may be extended by agreement of the Parties. To the extent the rulemaking process does not result in Coverage of Incontinence Supplies, the Parties agree that Plaintiffs may resume litigation at the conclusion of the stay. If the rulemaking process does result in Coverage of Incontinence Supplies, the Parties agree that they will jointly move to dismiss the case with prejudice, and AHCA will pay Plaintiffs a set amount of attorneys' fees.

### Request for Relief and Memorandum of Law

6.    Through this motion and approval of the Agreement, the Parties

respectfully request the Court agree to the following actions, which are central to the Agreement.

7.      **Stay.** First, the Parties respectfully request that the Court stay the litigation until February 1, 2024. As discussed, the Agreement contemplates the Court entering a stay until February 1, 2024, to permit AHCA to engage in rulemaking. It is well-settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Edmonds*, No. CV 09-0089-WS-B, 2009 WL 10704665, at *1 (S.D. Ala. May 27, 2009) (quoting *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636 (1997)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Pennsylvania Nat'l Mut. Cas. Ins*., 2009 WL 10704665, at *1 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936)); *see also Hill v. Hoover Co.*, No. 1:06CV96-MCR/GRJ, 2013 WL 12177101, at *1 (N.D. Fla. June 25, 2013) (noting court continued stay of litigation for five years during ongoing settlement discussions).

8.      **Notice.** Second, the Parties respectfully request that the Court determine that no notice of settlement or dismissal under Rule 23(e) is required. The

Agreement states that the Parties will jointly and expeditiously request waiver of the class notice requirements contained in Federal Rule of Civil Procedure 23(e). The Agreement specifies that the Parties will request this ruling to be issued on or before July 31, 2023, and relieves the Parties from any obligations under the Agreement if the class notice requirements are not waived. The need for the expedited ruling is driven by the fact that AHCA must move forward with its rulemaking, which includes issues beyond Coverage of Incontinence Supplies, and cannot do so without an understanding of the Court's position regarding notice.

9.      Moreover, the waiver of the notice requirement is an essential term to the Agreement because AHCA believes that (1) it would be difficult and costly to ascertain the class members if AHCA was required to provide direct notice; (2) it would seriously implicate concerns of fraud and abuse if AHCA is required to provide constructive notice; and (3) most importantly, the lack of notice would not prejudice or otherwise harm the class members because the intent of the Agreement is to make incontinence supplies available to the class members—there is no reasonable likelihood that a class member, as the class is defined, could have a reasonable objection.

10.      Federal Rule of Civil Procedure 23(e) provides the Court with the discretion to determine whether giving notice to the class is justified. *See* Fed. R. Civ. P. 23(e)(1). Here, the Parties respectfully assert that class notice pursuant to

Rule 23(e) is not justified in this matter. "Courts have outlined several scenarios where notice may not be necessary. These include: (1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement." *Green v. Am. Exp. Co*., 200 F.R.D. 211, 212 (S.D.N.Y. 2001); *see also Doe by Doe v. Perales*, 782 F. Supp. 201, 206-07. (W.D.N.Y. 1991); *J.S. v. Attica Cent. Sch*., No. 00-CV-513S, 2012 WL 3062804, at *4 (W.D.N.Y. July 26, 2012); *Baumgarten v. CleanWell LLC*, No. 16-CV-1780, 2017 WL 11648985, at *2 (E.D.N.Y. Aug. 21, 2017); *Stathakos, v. Columbia Sportswear Co.*, No. 4:15-CV-04543-YGR, 2018 WL 582564, at *4 (N.D. Cal. Jan. 25, 2018).

11.    Here, the Agreement meets each of these factors. First, the Agreement provides near complete relief to the class, namely Coverage of Incontinence Supplies. Second, the Agreement does not provide for monetary relief beyond the aforementioned attorneys' fees, which are reasonable. Third, there is no collusion between Plaintiffs and AHCA. And fourth, and most critically from AHCA's perspective, the cost of notice to the class seriously risks eviscerating the Agreement; indeed, the Agreement provides for a mechanism by which AHCA can opt out of

6

the settlement if notice is required. Thus, "[r]ather than advance the goals of the notice provision of Rule 23(e), requiring notice and a hearing in this case would entail substantial delay and concomitant cost, all to the detriment of the class itself." *Perales*, 782 F. Supp. at 207.

12.    **Approval.** Finally, and in light of the foregoing, the Parties respectfully request that the Court approve the Settlement Agreement as fair, reasonable, and adequate to the class because: (A) the class representatives and class counsel have adequately represented the class; (B) the Agreement was negotiated at arms-length; (C) the relief provided for the class is adequate, particularly given (i) the costs and risks of trial and an appeal; (ii) the fact that the Agreement, should rulemaking result in Coverage of Incontinence Supplies, grants the relief requested in the complaint for all class members going forward pursuant to AHCA's revised policies; (iii) the terms of the award of attorneys' fees is conditioned upon Coverage of Incontinence Supplies; and (iv) there is no separate agreement beyond the terms of the Agreement itself; and (D) the Agreement treats all class members equally in terms of Coverage of Incontinence Supplies. *See* Fed. R. Civ. P. 23(e)(2). The Parties will make themselves available for a hearing regarding approval of the settlement, in the event the Court deems a hearing necessary to grant the relief requested herein. *Id.*

## Conclusion

For the foregoing reasons, the Parties respectfully request that the Court (1) enter a stay of the litigation until February 1, 2024; (2) determine that no notice to the class is justified under Federal Rule of Civil Procedure 23(e); and (3) approve the Agreement attached hereto as Exhibit "A".

Respectfully submitted,

| | |
|---|---|
| /s/ *Katherine Debriere* | /s/ *Erik M. Figlio* |
| Katherine DeBriere | Erik M. Figlio |
| FBN: 58506 | FBN: 0745251 |
| Florida Health Justice Project | Ausley McMullen |
| 3900 Richmond St. | 123 S. Calhoun St. (23201) |
| Jacksonville, FL 32205 | P.O. Box 391 |
| (352) 278-6059 | Tallahassee, FL 32302 |
| debriere@floridahealthjustice.org | rfiglio@ausley.com |
| | csullivan@ausley.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on July 20, 2023, on all counsel of record.

/s/ *Erik M. Figlio*
Erik M. Figlio

8