**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BLANCA MEZA, by and through her
Guardian, Aide Hernandez, DESTINY
BELANGER, by and through her
Guardian, Julie Belanger, on behalf of
themselves and all others similarly
situated, and DISABILITY RIGHTS
FLORIDA, INC.,

                Plaintiffs,

-vs-                                    Case No. 3:22-cv-783-MMH-LLL

JASON WEIDA, in his official
Capacity as Secretary for the FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION,

                Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Time-Sensitive Motion for Stay or in the Alternative Extension of Dispositive Motion Deadline (Doc. 63; Motion), filed on August 3, 2023. In the Motion, Defendant requests a "stay of the litigation pending rulemaking through December 31, 2023," or alternatively, "an extension of the dispositive motion and Daubert motion deadline, currently set for August 7, 2023, until January 29, 2024." See Motion at 1. In the event the Court denies Defendants' request for a stay or lengthy

extension, or declines to rule on those requests by today's date, Defendant asks the Court to extend those deadlines until September 15, 2023, given that until very recently, it appeared the parties were going to be able to successfully settle this lawsuit. Id. at 1-2, 11. Defendant represents to the Court that Plaintiffs oppose the relief sought in the Motion and will consent only to an extension of the dispositive motion deadline to August 31, 2023. See id. at 12.

Related to the Motion, Plaintiffs filed Plaintiffs' Notice Requesting Status Conference (Doc. 60; Notice) on August 3, 2023, to which Defendant responded on the same date. See Response to Plaintiffs' Notice Requesting Status Conference (Doc. 62; Response to Notice). In the Notice, based on the Court's directives at a July 28, 2023 Motion Hearing, Plaintiffs inform the Court that they are ready for a status conference. See Notice at 1; see also Minute Entry (Doc. 59). Plaintiffs advise the Court on the status of settlement negotiations between the parties and state that they do not consent to a stay or any lengthy extension of deadlines, as delaying the resolution of this litigation is not in the best interest of the class members. See Notice at 4. In the Response, Defendant states that it "agrees that a status conference is necessary," and

presents its view of the settlement negotiations between the parties. See Response to Notice at 2-4.[1]

Upon review of the filings, the Court does not believe that a status conference would be beneficial at this time. The undersigned has carefully considered the parties' representations and will take Defendant's request for a stay under advisement. While the Court considers the propriety of a stay, a brief extension of the deadlines is warranted. The dispositive and Daubert motion deadlines in this case will be extended to September 29, 2023.[2] While the Court recognizes Plaintiffs' concerns regarding delay, under the circumstances, it appears unlikely that this limited extension will result in any increased delay of relief to the class members. In the interim, the Court strongly encourages the parties to continue their good faith negotiations to resolve this matter through settlement. Given the progress the parties previously made in pursuing settlement, if the parties agree that a settlement conference with a United States Magistrate Judge would aid in reaching a

---

[1] In light of the parties' representations in the above filings, the Court will deny the Joint Motion to Approve Settlement Agreement and Stay Litigation (Doc. 57) without prejudice as moot.

[2] The Court notes that Plaintiffs filed an unopposed motion requesting an extension of the page limit for their summary judgment motion. See Unopposed Motion to Extend the Page Limit Set Forth in Local Rule 3.01(a) (Doc. 61), filed August 3, 2023. The Court finds good cause for the requested relief and will grant the motion.

resolution of this matter, they should file a notice advising the Court. In light of the foregoing, it is

**ORDERED:**

1. Defendant's Time-Sensitive Motion for Stay or in the Alternative Extension of Dispositive Motion Deadline (Doc. 63) is **GRANTED, in part, and TAKEN UNDER ADVISEMENT, in part**.

    A. The Motion is **GRANTED** to the extent the deadline for filing dispositive and Daubert motions is extended to **September 29, 2023.**

    B. In all other respects, the Motion is **TAKEN UNDER ADVISEMENT**.

2. Plaintiffs' Unopposed Motion to Extend the Page Limit Set Forth in Local Rule 3.01(a) (Doc. 61) is **GRANTED**. Plaintiffs are permitted to file a summary judgment motion that does not exceed **THIRTY (30) pages**.

3. To the extent the parties request a status conference in Plaintiffs' Notice (Doc. 60) and Defendant's Response to Plaintiffs' Notice (Doc. 62), this request is **DENIED without prejudice**.

4. Defendant shall promptly file the formal notice of its rulemaking related to this lawsuit when it becomes available.

5. The Joint Motion to Approve Settlement Agreement and Stay Litigation (Doc. 57) is **DENIED without prejudice as moot**.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of August, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record