IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BLANCA MEZA, by and through her Guardian, Aide Hernandez, DESTINY BELANGER, by and through her Guardian, Julie Belanger, on behalf of themselves and all others similarly situated, and DISABILITY RIGHTS FLORIDA, INC.,

    Plaintiffs,

v.

JASON WEIDA, in his official capacity as Secretary for the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,

    Defendant.
_____/

Case No.: 3:22-cv-783-MMH-PDB

**JOINT MOTION FOR PRELIMINARY REVIEW OF AMENDED SETTLEMENT AGREEMENT AND REQUEST TO SET DEADLINES**

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs, BLANCA MEZA, by and through her Guardian, Aide Hernandez, DESTINY BELANGER, by and through her Guardian, Julie Belanger, on behalf of themselves and all others similarly situated, and DISABILITY RIGHTS FLORIDA, INC. ("Plaintiffs"), and Defendant, JASON WEIDA, in his official capacity as Secretary for the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION ("AHCA") (the "Parties"), jointly move the Court to conduct a preliminary review of the amended settlement

agreement attached hereto as Exhibit "A," and respectfully request that the Court schedule a preliminary hearing on this motion, set deadlines for the Parties to fulfill their notice obligations under Fed. R. Civ. P. 23 and provisions of the Class Action Fairness Act, 28 U.S.C. § 1711 et seq., and schedule a final fairness hearing. In support of this request, the Parties state as follows:

## Background and Agreement

On July 17, 2022, Plaintiffs filed a putative class action against AHCA alleging violations of 42 U.S.C. §§1396a(a)(10)(A), 1396a(a)(10)(D), 1396d(a)(4), Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, Plaintiffs alleged that AHCA's coverage policies regarding incontinence supplies for Medicaid State Plan recipients age 21 years and older violated federal law.

The Court granted Plaintiffs' motion for class certification on March 27, 2023, and certified the following class: "[a]ll Florida Medicaid recipients whose prescription for incontinence supplies has been or will be denied Medicaid coverage based on Defendant's exclusion of those supplies for recipients aged 21 and older." (Doc No. 38, p. 36). Class was certified pursuant to Federal Rule of Civil Procedure 23(b)(2), and no class notice was provided.

On September 5, 2023, AHCA filed its Notice of Formal Rulemaking containing AHCA's Notice of Development of Rulemaking and AHCA's proposed

draft rule related to its coverage of incontinence supplies. (Doc. No. 74). On September 21, 2023, the Parties participated in an all-day settlement conference with the Honorable Patricia D. Barksdale. Following successful negotiations, the Parties reconvened the settlement conference on September 26, 2023, which ultimately resulted in the Amended[1] Settlement Agreement (the "Agreement") attached hereto as Exhibit "A."

The central thrust of the Agreement is that AHCA agrees to continue with formal notice and comment rulemaking with the intention of extending coverage of medically necessary incontinence supplies for Medicaid State Plan recipients age 21 years and older ("Coverage of Incontinence Supplies"). This process already commenced with the publication of AHCA's Notice of Development of Rulemaking on August 29, 2023, followed by a rule development workshop, held on September 22, 2023. Thereafter, on November 3, 2023, AHCA published the proposed rule in Florida's Administrative Register (the "Proposed Rule"), and, in December 2023, adopted its final rule providing for Coverage of Incontinence Supplies effective January 10, 2024. *See* Ex. "B." AHCA issued a Provider Alert regarding the same on December 27, 2023. *See* Ex. "C."

---

[1] The Parties set mediation for June 2, 2023, but began informal discussions through the mediator before that date. Following the June 2, 2023, mediation, the Parties continued settlement discussions through the mediator resulting in an initial agreement, which, for reasons not germane to this Motion, was ultimately withdrawn.

3

In short, AHCA intends to amend all AHCA policies, fee schedules, and administrative rules necessary, including the adoption of Fla. Admin. Code R. 59G-4.076,[2] in accordance with Chapter 120, Florida Statutes, for the Coverage of Incontinence Supplies. If the rulemaking process and AHCA's amendment of all policies, fee schedules, and administrative rules results in Coverage of Incontinence Supplies, the Parties agree that they will file a joint motion for voluntary dismissal of this litigation with prejudice and, upon order of the Court, AHCA will pay Plaintiffs $50,000 in full satisfaction of attorneys' fees and costs.

Additionally, the Agreement sets forth the Parties' notice obligations in satisfaction of Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1711 et seq ("CAFA"). Specifically, as it relates to these authorities, the Agreement provides:

> a. Within ten (10) days of execution of this Agreement, AHCA will identify a cohort of Medicaid recipients, aged 21 years and over, that potentially have the need for incontinence supplies, by searching its Florida Medicaid Management Information System ("FMMIS") database for claims information in the past seven years evidencing recipients with any of the following diagnosis codes, subject to reasonable parameters to be determined by the agency:
>
> ICD-10 L24.A2    IRRITANT CONTACT DERMATITIS

---

[2] This draft rule repeals and replaces current Fla. Admin. Code R. 59G-4.070. In repealing and replacing this coverage policy by promulgating Fla. Admin. Code R. 59G-4.076, AHCA abides by its obligation to include a sunset provision in the agency rule that does not exceed five (5) years. AHCA's incorporation of the required sunset provision does not reflect an intent to withdraw Medicaid coverage of incontinence supplies five years after Fla. Admin. Code R. 59G-4.076 is adopted, subject to the necessity determination contained within the November 11, 2019, directive to agencies.

| | |
|---|---|
| ICD-10 N393 | STRESS INCONTINENCE (FEMALE) (MALE) |
| ICD-10 N3941 | URGE INCONTINENCE |
| ICD-10 N3942 | INCONTINENCE WO SENSORY AWARENESS |
| ICD-10 N3946 | MIXED INCONTINENCE |
| ICD-10 N39490 | OVERFLOW INCONTINENCE |
| ICD-10 N39491 | COITAL INCONTINENCE |
| ICD-10 N39492 | POSTURAL (URINARY) INCONTINENCE |
| ICD-10 N39498 | OTHER SPECIF URINARY INCONTINENCE |
| ICD-10 R159 | FULL INCONTINENCE OF FECES |
| ICD-10 R32 | UNSPECIFIED URINARY INCONTINENCE |
| ICD-10 R3981 | FUNCTIONAL URINARY INCONTINENCE |

b.  Within thirty (30) days of the Court's approval, at the hearing on the Joint Motion contemplated in section 2, of the proposed notice procedures set forth herein, AHCA will send a notification via U.S. Mail to each member of the cohort containing the following information: a link to view this Agreement; the day, time, and place of the fairness hearing; and a link to view Plaintiff's motion for attorneys' fees.

c.  AHCA will comply with 28 U.S.C. § 1715 and provide proof of compliance to the Court on or before the fairness hearing.

*See* Ex. "A," ¶ 4.

Pursuant to these obligations, a copy of the proposed notice, as stated in the Agreement, is attached hereto as Exhibit "D."

Further, the Agreement envisions that, at the conclusion of AHCA's rulemaking process, the Court will conduct a hearing pursuant to Federal Rule of Civil Procedure 23(e), to consider the fairness, reasonableness, and adequacy of the Agreement, and Federal Rule of Civil Procedure 23(h), to consider the agreed-upon amount of attorneys' fees and hear any objections. Following the hearing, in the event the Agreement is approved by the Court, the parties agree to jointly move to

dismiss the action with prejudice.[3]

## Request for Relief and Memorandum of Law

Through this motion, the Parties respectfully request the Court agree to the following actions, which are central to the Agreement. The Parties also respectfully request that the Court set a hearing to discuss the same.

**I.    Notice.**

The Parties respectfully request that the Court preliminarily review the Parties' proposed notice, as set forth in the Agreement, and determine that said notice satisfies the requirements of Federal Rule of Civil Procedure 23(e), Federal Rule of Civil Procedure 23(h), and 28 U.S.C. § 1715.

    A.    Federal Rule of Civil Procedure 23(e)

Federal Rule of Civil Procedure 23(e) provides that the district court must "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." Fed. R. Civ. P. 23(e)(1)(B). Generally, the notice must "apprise class members of the terms of the settlement agreement in a manner that allows class members to make their own determination regarding whether the settlement serves their interests." *United States v. Alabama*, 271 F. App'x 896, 901 (11th Cir. 2008).

---

[3] The Agreement also contains a release that is applicable only to the named Plaintiffs, Blanca Meza, Destiny Belanger, and Disability Rights Florida, Inc.

Here, the proposed notice is directed to class members in a reasonable manner and apprises the class members of the terms of the settlement agreement. First, with respect to reasonableness, the proposed recipients of the proposed notice—comprised of Medicaid recipients who might potentially have the need for incontinence supplies, as determined by AHCA's search of its FMMIS database for claims information in the past seven years—is intentionally overinclusive in an attempt to capture any potential class members. Further, the proposed notice, attached hereto as Exhibit "D," sufficiently apprises all class members of the terms of the settlement, including a link to view the Agreement; the day, time, and place of the fairness hearing; and a link to view Plaintiff's motion for attorneys' fees. This is a particularly reasonable approach because the relief from Defendant providing Coverage of Incontinence Supplies will inure equally to all class members. Accordingly, the Parties respectfully assert that the proposed notice satisfies Federal Rule of Civil Procedure 23(e).

    B.    <u>Federal Rule of Civil Procedure 23(h)</u>

Similarly, Federal Rule of Civil Procedure 23(h) requires that notice of a motion for attorneys' fees must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h). Critically, the rule requires "a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion

before any objection pertaining to fees is due." *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1252 (11th Cir. 2020).

Here, for the reasons described above, the proposed notice is directed to class members in a reasonable manner and provides the necessary details to apprise class members of the proposed attorneys' fee award in the amount of $50,000. Further, the motion for attorneys' fees is being filed contemporaneously with this motion, thereby giving class members ample time to object in advance of the fairness hearing. Accordingly, the Parties respectfully assert that the proposed notice satisfies Federal Rule of Civil Procedure 23(h).

    C.    <u>28 U.S.C. § 1715</u>

The Class Action Fairness Act requires "each defendant that is participating in the proposed settlement" to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of" eight enumerated items,[4] within ten days after a proposed settlement of a class action is filed in court. 28 U.S.C. § 1715(b).

---

[4] The statute requires: "(1) a copy of the complaint and any materials filed with the complaint and any amended complaints (except such materials shall not be required to be served if such materials are made electronically available through the Internet and such service includes notice of how to electronically access such material); (2) notice of any scheduled judicial hearing in the class action; (3) any proposed or final notification to class members of-- (A)(i) the members' rights to request exclusion from the class action; or (ii) if no right to request exclusion exists, a statement that no such right exists; and (B) a proposed settlement of a class action; (4) any proposed or final class action settlement; (5) any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants; (6) any final judgment or notice of dismissal; (7)(A) if

8

Here, as stated in the Agreement, AHCA intends to serve appropriate notice in accordance with 28 U.S.C. § 1715 on the Florida Attorney General and the Attorney General of the United States and will provide certification of the same on or before the fairness hearing.

For the foregoing reasons, the Parties' respectfully request that the Court schedule a hearing to preliminarily approve the Agreement and its notice requirements, set deadlines to for the Parties to fulfill the notice obligations under Fed. R. Civ. P. 23 and provisions of the Class Action Fairness Act, 28 U.S.C. § 1711 et seq., and to schedule a final fairness hearing.

Respectfully submitted,

| | |
|---|---|
| */s/Katy DeBriere* | */s/Erik M. Figlio* |
| Katherine DeBriere | Erik M. Figlio |
| FBN: 58506 | FBN: 0745251 |
| Florida Health Justice Project | Ausley McMullen |
| 3900 Richmond St. | 123 S. Calhoun St. (23201) |
| Jacksonville, FL 32205 | P.O. Box 391 |
| (352) 278-6059 | Tallahassee, FL 32302 |
| debriere@floridahealthjustice.org | rfiglio@ausley.com |
| | csullivan@ausley.com |

---

feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement; and (8) any written judicial opinion relating to the materials described under subparagraphs (3) through (6).