United States District Court
Middle District of Florida
Jacksonville Division

**BLANCA MEZA, BY AND THROUGH HER GUARDIAN, AIDE HERNANDEZ, DESTINY BELANGER, BY AND THROUGH HER GUARDIAN, JULIE BELANGER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, AND DISABILITY RIGHTS OF FLORIDA, INC.,**

*Plaintiffs,*

v.                                                          No. 3:22-cv-783-MMH-PDB

**JASON WEIDA, IN HIS OFFICIAL CAPACITY AS SECRETARY FOR THE FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,**

*Defendant.*

___

# Order

In this class action, the plaintiffs sue Jason Weida in his official capacity as Secretary for the Florida Agency for Health Care Administration (AHCA),[*] alleging that AHCA's coverage policies concerning incontinence supplies for Medicaid recipients aged 21 and older violate the Medicaid Act, Title II of the

---

[*] Weida succeeded Simone Marstiller—the original defendant—as AHCA's Secretary. Under Rule 25(d), Federal Rules of Civil Procedure, "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Applying this rule, Weida is substituted for Marstiller.

Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. Doc. 1. The Court certified the following class under Rule 23(b)(2), Federal Rules of Civil Procedure: "All Florida Medicaid recipients whose prescription for incontinence supplies has been or will be denied Medicaid coverage based on [AHCA]'s exclusion of those supplies for recipients aged 21 and older." Doc. 38 at 36.

Before the Court is the parties' motion for final approval of a proposed settlement, Doc. 114, and the plaintiffs' motion for an attorney's fee award, Doc. 103. The parties consented to the undersigned's jurisdiction to decide the motions. Docs. 99, 100. The Court conducted preliminary and final hearings. Docs. 107, 113.

Applying Rule 23, Federal Rules of Civil Procedure, and *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), and serving in its role as a fiduciary, *see Drazen v. Pinto*, 106 F.4th 1302, 1328 (11th Cir. 2024), the Court finds the proposed settlement is fair, reasonable, and adequate, and the attorney's fee is reasonable.

The parties provided a statement identifying the agreement made in connection with the proposed settlement. *See* Docs. 101, 101-1 to 101-4; Fed. R. Civ. P. 23(e)(3). The parties have reached no other agreement outside the settlement agreement. *See* Doc. 101-1.

Timely and appropriate notice of the proposed settlement has been provided to the class. *See* Fed. R. Civ. P. 23(e)(1). AHCA mailed an approved notice, Doc. 108-1, to 122,167 class members and potential class members using the U.S. Mail, identifying recipients through diagnostic codes for those

likely to be included in the class, and relying on an address database that AHCA uses for corresponding with Medicaid recipients. Doc. 115. The selection of the codes was over-inclusive. *Id.* ¶ 3. The number of notices returned as undeliverable is unknown but presumed de minimis considering the address database used. *See id.* ¶¶ 4–6.

Timely and appropriate notice of the proposed settlement has also been provided to the Attorney General of the United States and the Attorney General of Florida. *See* Docs. 106, 106-1, 106-2; 28 U.S.C. § 1715(b). More than ninety days have passed since that notice was provided. *See* Doc. 106-1; 28 U.S.C. § 1715(d).

The class representatives and class counsel have adequately represented the class. *See* Fed. R. Civ. P. 23(e)(2)(A). As the Court found in certifying the class and as remains true today, no conflict between the named plaintiffs and the class members exists. *See* Doc. 38 at 31–32. As the Court further found in certifying the class, class counsel has experience in litigating ADA claims in federal court, in litigating Medicaid coverage of home-health services (including incontinence supplies), and in litigating class actions. *See id.* After obtaining class certification and discovery, class counsel moved for summary judgment, Doc. 66; successfully negotiated a proposed settlement, Doc. 101-1; jointly prepared the preliminary approval motion, Doc. 101; and participated in the preliminary and final fairness hearings, Docs. 107, 113.

The proposed settlement was negotiated at arm's length. *See* Fed. R. Civ. P. 23(e)(2)(B); *see also* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment (explaining that, in determining whether a proposed settlement

3

was negotiated at arm's length, "[t]he conduct of the negotiations may be important" and "the involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests"). The parties negotiated for months, *see* Docs. 48, 54, 57, 68, 81, 82, 83, 98, 101, and the undersigned participated in the settlement conference and subsequent settlement discussions resulting in the settlement agreement, *see* Docs. 68, 73, 81, 82, 83, 98. The undersigned makes an arm's length finding with certainty.

The relief provided for the class through the proposed settlement is adequate (more than adequate), taking into account the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class; the terms of the proposed attorney's fee award; and the agreement itself. *See* Fed. R. Civ. P. 23(e)(2)(C). Through the proposed settlement, the plaintiffs will receive the relief they sued to obtain. *Compare* Doc. 1 (complaint), *with* Doc. 101-1 (settlement agreement). Absent settlement, litigation would resume with its attendant cost, delay, and risk. The proposed method of delivering relief to the class is effective; specifically, the ordinary process for obtaining Medicaid benefits and the provision of provider and plan alerts about the policy change. The terms of the proposed attorney's fee award are reasonable, as discussed below.

The proposed settlement treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). No class member is treated differently.

The *Bennett* factors favor a finding that the proposed settlement is fair, reasonable, and adequate. *See Bennett*, 737 F.2d at 986. As stated, through the

4

proposed settlement, the plaintiffs will receive the relief they sued to obtain. *Compare* Doc. 1, *with* Doc. 101-1. Only one "objection" was received. *See* Doc. 111. The entirety of the objection is "Motion for Attorney fee's be paid by the State of Florida Not Those in the settlement." *Id*. at 1. The objection fails to include the required specificity. *See* Fed. R. Civ. P. 23(e)(5)(A). Regardless, the objection is for naught considering that no monetary award to the class is available or made, and AHCA will pay the attorney's fee. *See* Doc. 101-1 ¶ 5(a).

The motion for an attorney's fee award, Doc. 103, was properly and timely made. *See* Fed. R. Civ. P. 23(h)(1). The notice mailed to the 122,167 class members and potential class members explained, "AHCA will pay Class Counsel $50,000 in attorneys' fees, costs, and expenses, and the lawsuit will be dismissed with prejudice. A copy of Class Counsel's Motion for Attorneys' Fees can be viewed at: dmesettlementnotice.com." Doc. 108-1 at 1.

The $50,000 attorney's fee authorized by the proposed settlement is reasonable (more than reasonable). *See* Fed. R. Civ. P. 23(h). Based on the Court's own knowledge and the papers supporting the fee, the rate charged for similar services by lawyers with reasonably comparable skill, experience, and reputation as the plaintiffs' lead counsel is at least $400. *See* Doc. 103-2 (declaration of Katherine DeBriere detailing her background and extensive experience); Doc. 103-3 (declaration of Robert Spohrer opining that an hourly rate of $400 for DeBriere is "modest and well within the range of rates charged to paying clients in the Middle District of Florida for similar lawyers in similar complex litigation"). As lead counsel, DeBriere completed 319.75 hours of work up to September 26, 2023, evidenced in time sheets and reflected on the docket. *See* Doc. 103-1 (detailed time records of DeBriere); Doc. 66 (plaintiffs' motion

5

for summary judgment); Doc. 101 (joint motion for preliminary approval). The lodestar excluding time by other lawyers and all time after September 26, 2023, is $127,900. The $50,000 requested is less than half that.

Thus, the motions for final approval of the class-action settlement, Doc. 114, and an attorney's fee award, Doc. 103, are **granted**. The proposed settlement is approved. AHCA must pay the plaintiffs $50,000 as an attorney's fee by **October 3, 2024**. The parties must file a joint motion for voluntary dismissal of the action with prejudice by **September 10, 2024**. The joint motion must include a proposed judgment. *See* Fed. R. Civ. P. 23(c)(3), 54(a).

**Ordered** in Jacksonville, Florida, on September 3, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*